DECISION
Veronica L. Stires was indicted by a Franklin County grand jury in April 1995, charged with involuntary manslaughter and aggravated robbery. In addition, both counts of the indictment carried firearm specifications. The 1995 indictment arose as the result of the December 1992 death of Orbin Maggard.
In July 1995, Ms. Stires, through counsel, ultimately entered a guilty plea as to the involuntary manslaughter charge, without the firearm specification. Ms. Stires was sentenced to a term of incarceration of seven to twenty-five years.
Through new counsel, a motion to withdraw her 1995 guilty plea was filed in July 1998, pursuant to Crim.R. 32.1. The purported grounds in support of the motion were twofold: she was deprived of the effective assistance of counsel, and her plea was not entered knowingly, intelligently or voluntarily.
On December 22, 1998, the trial court rendered a decision and entry overruling Ms. Stires's motion.
Veronica L. Stires (hereinafter "appellant") has timely appealed the trial court's disposition of her motion, assigning two similar errors for our consideration:
APPELLANT'S FIRST ASSIGNMENT OF ERROR:
 The trial court erred in finding appellant was not deprived of the effective assistance of counsel and in failing to hold an evidentiary hearing when appellant's affidavits and evidence was [sic] unrefuted. Said errors deprived appellant of the effective assistance of counsel pursuant to the Ohio and United States Constitutions.
APPELLANT'S SECOND ASSIGNMENT OF ERROR:
 The trial court erred in refusing to allow appellant to withdraw her guilty plea when the evidence showed her pleas were not entered knowingly, intelligently, or voluntarily.
Since appellant's arguments are interrelated, we address them jointly. Collectively, the assignments of error contend that the trial court erred in failing to conduct an evidentiary hearing to determine the propriety of allowing appellant to withdraw her guilty plea based upon the purported ineffective assistance of counsel.
The prosecution counters that, although the trial court ultimately reached the proper result, the court should not have treated appellant's "motion to withdraw plea" as such, but, instead, as an untimely petition for post-conviction relief ("PCR").
We agree with the prosecution's construction of the "motion." The proceeding should have been treated as a PCR because the "motion" submitted purportedly new evidence far exceeding the scope of the record. The substantive bases for appellant's claims are in the form of numerous affidavits, all of which are far beyond the scope of the record. The pleading is a "motion" in form only, not in substance. Notwithstanding the pleading's given "label," it is actually a PCR petition in disguise. Accordingly, the petition, filed three years after the plea, is inarguably time-barred pursuant to the limitations period proscribed by R.C.2953.21. The mandatory time constraints cannot be disregarded.
The trial court's error, however, in misconstruing the nature of the action is harmless beyond a reasonable doubt. As the prosecution observes, the end result is the same, irrespective of the nature of the proceeding.
Notwithstanding the trial court's error in construing the PCR petition as a motion to withdraw her plea, the court nonetheless achieved the appropriate result in denying any relief. Motions seeking withdrawal of guilty pleas are governed by Crim.R. 32.1, which provides, in pertinent part:
 A motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
See, e.g. State v. Smith (1977), 49 Ohio St.2d 261.
Our review of the record reveals that appellant failed to meet the stringent standard requiring a demonstration that a "manifest injustice" occurred. We also find that the trial court acted well within its broad discretion in disposing of the motion without an oral hearing.
Significantly, none of the affidavits directly raise appellant's actual innocence. Instead, the collective substance of the affidavits essentially suggests that since her trial attorney committed certain acts and omissions, another attorney might have represented her better by possibly choosing different tactics or strategies. Construing this claim a step further is the possibility that, regardless of her guilt or innocence, she might
have been acquitted had she been represented by "competent" counsel. Such speculative possibilities do not rise to the level of "manifest injustice."
The assignments of error are overruled.
Having overruled the assignments of error, the judgment of the trial court is affirmed.
Judgment affirmed.
BRYANT and BROWN, JJ., concur.